# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, a Division of the Rail Conference of the International Brotherhood of Teamsters, | : : : : | JUDGE PAMELA A. BARKER |
| | : | |
| Plaintiff, | : | 1:21-cv-01866-PAB |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | : : | |
| | : | |
| Defendant. | : | |
| _____ | : | |
| NORFOLK SOUTHERN RAILWAY COMPANY, | : : | |
| | : | |
| Counterclaim Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BROTHERHOOD OF LOCOMOTIVE ENGINEERS AND TRAINMEN, a Division of the Rail Conference of the International Brotherhood of Teamsters, | : : : : | |
| | : | |
| Counterclaim Defendant. | : | |

## ANSWER, ADDITIONAL DEFENSES AND COUNTERCLAIM
## OF DEFENDANT NORFOLK SOUTHERN RAILWAY COMPANY

Defendant Norfolk Southern Railway Company ("NSR") hereby responds to the

Verified Complaint of Defendant Brotherhood of Locomotive Engineers and Trainmen

("BLET") as follows:

## JURISDICTION AND VENUE

1.      Admitted the Plaintiff purports to being this action under the Railway Labor Act and the Declaratory Judgment Act.  Defendant denies that it violated the Railway Labor Act ("RLA") or that Plaintiff is entitled to any relief whatsoever.

2.      The allegations of this paragraph state conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant does not contest the Court's federal question jurisdiction to characterize the parties' dispute as a "major dispute" or a "minor dispute" within the meaning of the RLA.  Defendant does contest the Court's jurisdiction to decide the merits of BLET's claims because such claims present a "minor dispute" within the exclusive jurisdiction of the National Railroad Adjustment Board or an arbitration panel of coordinate jurisdiction established by the parties pursuant to the RLA.

3.      The allegations of this paragraph state conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant admits that jurisdiction in this venue is proper.

4.      The first and second sentences of this paragraph are admitted.  The third sentence of this paragraph states a conclusion of law to which no response is required.  To the extent a response is deemed required, it is admitted.  The fourth and fifth sentences of this paragraph are admitted.

5.      Admitted.

## FACTS

6.      The first sentence of this paragraph is admitted.  The second sentence of this paragraph is admitted in part, denied in part.  Defendant admits that the 2015 Collective

Bargaining Agreement ("CBA") is applicable to the parties' present dispute.  Defendant denies that the 2015 CBA is the exclusive agreement applicable to the parties' present dispute.

7.      Admitted in part, denied in part.  Defendant admits the 2015 CBA became amendable on December 31, 2019 and that the BLET served an RLA Section 6 notice on November 1 to initiate bargaining.  The remaining allegations are denied.  By way of further response, Defendant is bargaining as part of a multi-employer coalition known as the National Carriers' Conference Committee while the BLET is bargaining as part of a multi-union coalition known as the Coordinated Bargaining Coalition.

8.      The first sentence of this paragraph is admitted.  The second and third sentences are admitted in part, denied in part.  Defendant admits that Plaintiff accurately recites the first paragraph of Article V of the CBA.  The 2015 CBA is a document that speaks for itself and Plaintiff's characterization therefore is specifically denied.

9.      Admitted in part, denied in part.  Defendant admits that Plaintiff's direct quotations to Article V of the 2015 Agreement are accurate.  The 2015 Agreement is a document that speaks for itself, and Plaintiff's characterization thereof is denied.

10.     Admitted in part, denied in part.  Defendant admits only that the Predictable Workforce Scheduling ("PWS") system is used only to assign engineer assignments.  The remaining allegations are denied.  Defendant specifically denies Plaintiff's characterization of the 2015 Agreement.

11.     The first sentence of this paragraph is admitted.  With respect to the second sentence of this paragraph, the agreements between SMART-TD and Defendant are documents that speak for themselves and Plaintiff's characterization thereof is denied.  The third sentence is

denied as stated.  By definition, agreements between SMART-TD and NSR would not include

BLET, although there are agreements to which SMART-TD, NSR, and BLET are all parties.

12.      Denied as stated.  Defendant admits only that it has continued its longstanding

practice, not foreclosed by any agreement, of assigning engineers to protect their seniority as

conductors by filling temporary conductor vacancies in emergency circumstances.  The

remaining allegations are denied.

13.      Admitted in part, denied in part.  Defendant admits only that it received letters

from all three BLET GCs and that it responded to these letters in writing.  These writings are

documents that speak for themselves and Defendant therefore denies Plaintiff's characterizations

thereof.  The remaining allegations are denied.

14.      Denied.

15.      Denied.

16.      Denied.

## CAUSES OF ACTION

### COUNT I
### (Violation of Section 6 of the RLA, 45 U.S.C. § 156)

17.      Defendant incorporates its responses to paragraphs 1 through 16.

18.      Admitted the Plaintiff accurately recites 45 U.S.C. § 156.  By way of further

response, Defendant denies that its dispute with BLET involves a change in agreements pursuant

to 45 U.S.C. § 156.

19.      The allegations of this paragraph state a conclusion of law to which no response is

required.  To the extent a response is deemed required, Defendant specifically denies that its

dispute with BLET involves a change in agreements or working conditions or that it has violated

45 U.S.C. § 156.

20.     Defendant admits only that it has not yet amended the 2015 CBA pursuant to Section 6 bargaining.  The remaining allegations are denied.  Defendant specifically denies that it unilaterally or unlawfully altered its agreements with BLET or that it violated 45 U.S.C. § 156.

## COUNT II
### (Violation of Section 2, Seventh of the RLA)

21.     Defendant incorporates its responses to paragraphs 1 through 20.

22.     Admitted the Plaintiff accurately recites 45 U.S.C. § 152, Seventh.  By way of further response, Defendant denies that its dispute with BLET involves a change pursuant to 45 U.S.C. § 152, Seventh.

23.     Denied.

## COUNT III
### (Violations of Section 2, First of the RLA)

24.     Defendant incorporates its responses to paragraphs 1 through 23.

25.     Admitted the Plaintiff accurately recites 45 U.S.C. § 152, First.  By way of further response, it is Plaintiff that has violated its statutory obligations under Section 2, First.

26.     Denied.  By way of further response, it is Plaintiff that has violated its statutory obligations under Section 2, First.

## IRREPARABLE INJURY

27.     Defendant incorporates its responses to paragraphs 1 through 26.

28.     The first sentence of this paragraph is denied.  The second sentence of this paragraph states a conclusion of law to which no response is required.  To the extent a response is deemed required, denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     The first sentence is denied.  The second sentence states conclusions of law to which no response is required.  To the extent a response is deemed required, Defendant specifically denies that it is changing existing agreements.

34.     Denied.

35.     Denied.

36.     Denied.

37.     The allegations of this paragraph state a conclusion of law to which no response is required.

38.     Denied.

## PRAYER FOR RELIEF

To the extent a response is required to Plaintiff's Prayer for Relief, Defendant denies that Plaintiff is entitled to any relief whatsoever.

WHEREFORE, Defendant respectfully requests that BLET's Complaint be dismissed with prejudice, and that Defendant be awarded its costs and reasonable attorney's fees, along with such other relief as the Court may deem just and proper.

## ADDITIONAL DEFENSES

Defendant reserves the right to assert any and all applicable defenses to BLET's claims and to amend or otherwise supplement this pleading.  Without limiting the generality of the foregoing and without regard to whether defenses set forth below are affirmative defenses within

the meaning of Rule 8(c) of the Federal Rules of Civil Procedure, and without conceding that any such defenses must be set forth in its Answer or assuming any burden of proof that it would not otherwise bear, Defendant states as follows:

1. BLET's Complaint fails to state a claim upon which relief can be granted.

2. The parties' dispute over NSR's assignment of engineers to protect their conductor seniority by filling temporary vacancies in emergency circumstances is properly characterized as a "minor dispute" under Section 2 First and 3 of the RLA, 45 U.S.C. § 152 First and 153.

3. BLET's Complaint raises a minor dispute subject to the exclusive jurisdiction of the National Railroad Adjustment Board or an arbitration panel of coordinate jurisdiction established by the parties' pursuant to the RLA.  This Court lack subject matter jurisdiction over BLET's claims.

4. To the extent BLET's claims require the interpretation or application of the parties' collective bargaining agreements, such claims are subject to mandatory arbitration under the RLA and applicable agreement.

5. The Norris-LaGuardia Act, 29 U.S.C. § 101, et seq. and the doctrine of unclean hands bar the relief requested by BLET because BLET has failed to comply with its obligation under Section 2 First of the RLA to exert every reasonable effort to make and maintain agreements and to avoid interruptions to commerce or to the operations of any carrier, and its obligation under Section 3 of the RLA to resolve all disputes involving the interpretation and application of collective bargaining agreements through the mandatory dispute resolution processes of the RLA.

**COUNTERCLAIM**

**INTRODUCTION**

Defendant and Counterclaim-Plaintiff NSR brings this action to enforce the mandatory dispute resolution procedures of the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA").  A dispute has arisen between NSR and Plaintiff and Counterclaim-Defendant BLET concerning the interpretation and application of their collective bargaining agreement ("CBA").  Under the RLA, disputes concerning the interpretation or application of collective bargaining agreements are subject to mandatory arbitration, and strikes over such disputes are prohibited.  In violation of its obligation to arbitrate this dispute, BLET has maintained that its dispute with NSR constitutes a "major dispute."  A "major dispute" is a term of art under the RLA by which a union claims that it has the right to strike in protest of a carrier's actions.  The effects of a strike against NSR would be particularly acute at the present time due to the strains imposed on the United States and global transportation supply chains as a result of the COVID-19 pandemic.  Accordingly, NSR brings this action seeking: (1) a declaratory judgment that the dispute between the parties over the interpretation or application of their CBA is a "minor dispute" under the RLA, 45 U.S.C. § 151**,** et seq.; (2) a declaratory judgment that BLET's characterization of the parties' dispute as a major dispute and refusal to conference violates its obligation to arbitrate such disputes under Section 3 of the RLA, 45 U.S.C. § 153; and (3) a declaratory judgment that the BLET's characterization of the parties' dispute as a major dispute and ongoing refusal to conference violates its affirmative duty under Section 2 First of the RLA to make and maintain agreements and to settle all disputes involving the application of such agreements so as to avoid any interruption to commerce or to NSR's operations, 45 U.S.C § 152 First.

## PARTIES

1.      Plaintiff NSR is a Virginia corporation with its principal place of business in Atlanta, Georgia, and is a "carrier" within the meaning of Section 1, First of the RLA, 45 U.S.C. § 151, First.  NSR currently operates a Class I railroad on a system-wide basis over 19,500 route miles in 22 states, the District of Columbia, and the Province of Ontario, Canada.

2.      Defendant Brotherhood of Locomotive Engineers and Trainmen ("BLET") is an unincorporated labor organization in which employees participate and that exists for the purpose of, among other things, dealing with carriers pursuant to the RLA concerning rates of pay, rules and working conditions, including negotiation and administration of CBAs. BLET is a "representative" within the meaning of Section 1, Sixth of the RLA, 45 U.S.C. § 151, Sixth.  BLET represents Norfolk Southern employees in the craft or class of "Locomotive Engineers."  BLET was formerly known as the Brotherhood of Locomotive Engineers ("BLE").

## JURISDICTION AND VENUE

3.      Jurisdiction exists pursuant to the RLA, 45 U.S.C. §§ 151-188 and 28 U.S.C. §§ 1331, 1337.

4.      NSR and BLET are actively doing business within the Northern District of Ohio.

5.      Venue over this action properly lies in the Northern District of Ohio under 28 U.S.C. §§1391(b)(1) and (2).

## THE RLA PROHIBITS STRIKES OVER MINOR DISPUTES

6.     NSR and BLET have been parties to a series of CBAs, which together with terms implied therein, including past practice and management prerogative, have established the rates of pay, rules and working conditions of employees represented by BLET.

7.     Under the RLA, disputes concerning the interpretation or application of collective bargaining agreements are subject to mandatory arbitration.  Section 3 of the RLA requires such disputes to be resolved exclusively through arbitration before the National Railroad Adjustment Board ("NRAB"), or before an arbitration panel of coordinate jurisdiction established by the parties pursuant to the RLA (known as a Public Law Board or a Special Board of Adjustment).  45 U.S.C. § 153.  A union may not strike over a minor dispute.  *Bhd. of R.R. Trainmen v. Chicago R. & I.R.R. Co.*, 353 U.S. 30, 39-42 (1957).

8.     Disputes over the interpretation or application of RLA collective bargaining agreements are known as "minor disputes."  The characterization of a dispute as a "minor dispute" does not reflect the importance or value of the dispute.  Rather, the term "minor dispute" reflects that the nature of the dispute is one over the interpretation or application of an existing agreement, rather than a dispute over the formation or change to an agreement.

9.     Under the RLA, a dispute is a "minor dispute" subject to mandatory arbitration so long as the rail carrier's position with respect to the merits of the dispute is not "frivolous or obviously insubstantial."  *Consolidated Rail Corp. v. Ry. Labor Executives' Ass'n.*, 491 U.S. 299, 303-05 (1989).

## DESCRIPTION OF THE MINOR DISPUTES

10.    A dispute has arisen between NSR and BLET concerning the interpretation or application of their CBA.

10

11.     Most NSR freight trains currently operate with a two-member crew comprised of one engineer, who operates the locomotive engine, and one conductor, who is responsible for the train and for on-the-ground movements such as throwing switches and applying handbrakes.  NSR engineers are represented by the BLET and NSR conductors are represented by the Sheet Metal, Air, Rail and Transportation Workers, Transportation Division ("SMART-TD").

12.     NSR engineers are qualified to work as conductors and must maintain seniority as conductors.  NSR has a decades-long practice of calling engineers to protect their conductor seniority by filling temporary conductor vacancies in emergency circumstances.

13.     BLET was party to the 1986 National Agreement and SMART-TD was party to the 1985 National Agreement.  Taken together, these agreements provided for engineers to gain ground service seniority and for train service employees to become the source of supply to fill the engineer ranks.  Since the implementation of the 1985 and 1986 National Agreements, NSR has continued to call employees working in other crafts, including those working as engineers, to protect their seniority as conductors according to the calling procedures that emanate from the appropriate collective bargaining agreement.

14.     BLET recently has taken the position that NSR's longstanding practice of calling engineers to protect their conductor seniority constitutes a violation of the parties' 2015 Agreement, specifically Article V, Section 3 of the 2015 Agreement, which provides for the selection of job assignments on a weekly basis, and Article III of the 2015 Agreement, which provides engineers with bonuses known as Professional Performance Incentive ("PPI") payments calculated as a percentage of their engineer earnings for each quarter.

11

15.     NSR disputes BLET's position as contrary to longstanding practice, arbitral precedent and past claim settlements.  With respect to each of the recent example of engineers being called to protect their conductor seniority in emergency circumstances cited by BLET, the affected engineers submitted time claims for the difference in pay, *i.e.*, handled their claims as minor disputes, and NSR promptly addressed each claim.  Additionally, if BLET disputes the manner in which the 2015 BLET Agreement is applied, it is referable to the Disputes Committee as outlined in Article X, Side Letter 7, and by Memorandum dated March 15, 2016.

16.     In a prior dispute over the discipline of an engineer for refusing to protect his conductor seniority, the neutral arbitrator expressly found that the engineer "was obligated to protect his seniority" and any dispute over the propriety of the call should have been handled through the parties' grievance process.  *BLE and Norfolk & W. Ry. Co.*, Pub. L. Bd. 4417, Award 32, attached as Exhibit 1.  In another dispute involving a furloughed conductor not being called to fill a temporary conductor vacancy (instead of an engineer with conductor seniority), the neutral arbitrator noted that "it has been held on a number of occasions over the years that there may be occasion for an employee from a different class or craft or service to be used for a temporary vacancy when no one is available to fill a must need position."  *UTU and Norfolk & W. Ry. Co.*, Pub. L. Bd. 5811, Award 76, attached as Exhibit 2.

17.     The current dispute over NSR calling upon engineers to protect their conductor seniority constitutes a "minor dispute" as that term is used under the RLA.  The dispute arises out of the interpretation or application of existing agreements with BLET concerning rates of pay, rules and working conditions.  And, NSR's position with respect to the merits of the dispute is not "frivolous or obviously insubstantial."

18.     There exists a real, live, and ripe controversy between NSR and BLET over whether their disputes concerning NSR's calling engineers to protect their conductor seniority constitutes a major dispute, which would entitle BLET to strike, or a minor dispute, which must be resolved pursuant the parties' Agreements and the dispute resolution processes of Section 3 of the Railway Labor Act, 45 U.S.C. § 153.

### UNLAWFUL STRIKE THREAT

19.     By letter dated August 11, 2021, attached as <u>Exhibit 3</u>, BLE General Chairman Dewayne L. Dehart wrote to NSR citing instances of engineers being called to protect their conductor seniority in emergency circumstances, which Mr. Dehart characterized as a "material change to the agreement without negotiations and a Major dispute."

20.     By letter dated August 20, 2021, attached as <u>Exhibit 4</u>, NSR responded to Mr. Dehart stating that any disagreement as to the interpretation and application of the parties' agreement was a minor dispute and confirming the parties' agreement to meet to discuss the matter.

21.     NSR and the BLET agreed to meet on August 31, 2021 but that meeting was postponed by agreement of the parties.  Mr. Dehart provided assurance that BLET would not exercise self-help, *i.e.*, strike, in the interim.

22.     NSR Director – Labor Relations, John J. Muskovac and Mr. Dehart met on September 29, 2021.  Mr. Dehart alleged that prior to the incidents described in his letter of August 11, 2021, NSR had never called engineers to protect their conductor seniority in emergency circumstances.  NSR offered to provide examples to the contrary and Mr. Dehart refused to accept them.  Mr. Dehart also refused to review the arbitral precedent and time claims that NSR had assembled in preparation for the meeting.  Mr. Dehart refused to give assurances

that BLET would not commence a strike.  Instead, he stated that he would seek the advice of counsel about taking "next steps under the RLA."

23.     NSR has received similar letters alleging agreement violations in connection with calling engineers to protect their conductor seniority from other General Committees on its property: (i) letter dated August 25, 2021 from BLET General Chairman L.R. Fannon, attached as Exhibit 5; and (ii) letter dated September 14, 2021 from BLET General Chairman J. Sturdivant, attached as Exhibit 6.

## COUNT I -- MINOR DISPUTE

24.     NSR incorporates by reference as if fully set forth herein each and every allegation of Paragraphs 1 through 23 above.

25.     This Cause of Action arises under Sections 2 First and 3 of the Railway Labor Act, 45 U.S.C. §§152 First, 153.

26.     There exists a current, live and ripe controversy that warrants declaratory and injunctive relief from this Court, namely whether the dispute between BLET and NSR over the use of engineers to fill conductor temporary vacancies in emergency situations constitutes an RLA major dispute entitling BLET to strike or a minor dispute subject to the mandatory arbitration procedures of Section 3 of the RLA.

27.     NSR has a collective bargaining agreement with BLET, which remains in full force and effect.  This agreement, together with other established working conditions, set forth the terms and conditions of employment of NSR's employees represented by BLET.

28.     NSR contends that its labor agreement, as properly interpreted, does not prohibit NSR from calling engineers to protect their conductor seniority in emergency circumstances.

29.     BLET disputes NSR's interpretation of the applicable collective bargaining agreement, and maintains that NSR may not call engineers to protect their conductor seniority in emergency circumstances.

30.     The dispute between BLET and NSR over calling engineers to protect their conductor seniority in emergency circumstances is a minor dispute under the RLA, and thus subject to mandatory arbitration.  The nature of the dispute is one that arises out of the interpretation or application of the parties' collective bargaining agreement, and NSR's position with respect to the merits of the dispute is not frivolous or obviously insubstantial.

31.     BLET's declaration of a major dispute and refusal to engage in conferences violates its duties under the RLA to pursue and exhaust the exclusive, administrative remedies for minor disputes which are set forth in Section 3 of that Act, including final and binding arbitration.  The RLA precludes strikes, work stoppages, or other forms of self-help over minor disputes.

32.     NSR has at all times been willing to comply with the procedures of the RLA and has exercised and is continuing to exercise reasonable efforts to resolve this dispute with BLET.

### COUNT II -- BREACH OF SECTION 2 FIRST

33.     NSR incorporates by reference as if fully set forth herein each and every allegation of Paragraphs 1 through 32 above.

34.     This claim arises under Section 2 First of the RLA, 45 U.S.C. §152 First.

35.     Section 2 First imposes an affirmative duty on the parties:

to exert every reasonable effort to make and maintain agreements concerning rates of pay, rules, and working conditions, and to settle all disputes, whether arising out of the application of such agreements or otherwise, in order to avoid any interruption to

15

commerce or to the operation of any carrier growing out of any
dispute between the carrier and the employees thereof.

45 U.S.C. §152 First.

36.     BLET has breached its duty under Section 2 First to maintain its existing
collective bargaining agreement with NSR by declaring its dispute with NSR regarding calling
engineers to protect their conductor seniority in emergency circumstances to be a major dispute
and by refusing to engage in a conference with NSR.

37.     A strike by BLET against NSR would cause substantial disruption to NSR
and to the national freight transportation system.

38.     NSR has been willing at all times to comply with its duties under Section
2 First and has exercised and is continuing to exercise reasonable efforts to resolve this dispute
with defendant.

**PRAYER FOR RELIEF**

WHEREFORE, NSR respectfully requests that the Court grant the following
relief:

1.     Issue a Judgment declaring that the present dispute between NSR and BLET
concerning NSR's calling of engineers to protect their conductor seniority in emergency
circumstances is a "minor dispute" under the RLA, and is subject to the compulsory and
exclusive arbitration mechanisms set forth in section 3 of the RLA, 45 U.S.C. § 153;

2.     Issue a Judgment declaring that BLET's declaration of a major dispute and refusal
to engage in conferences violates the RLA by seeking to circumvent the mandatory and
exclusive authority of the National Railroad Adjustment Board;

3.     Issue a Judgment finding that by declaring a major dispute and by refusing to
conference with NSR, BLET has breached its duty under Section 2 First of the RLA to make and

maintain agreements and to settle all disputes through the RLA's mandatory dispute resolution/arbitration procedures;

4.     Order BLET to pay the costs of these proceedings, including reasonable attorneys' fees; and

5.     Grant NSR such other and further relief as the Court may deem proper and just in the circumstances.

Respectfully submitted,

/s/ John B. Lewis
JOHN B. LEWIS (0013156)
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH   44114-1214
(216) 861-7496 (phone)
(216) 696-0740 (fax)
jlewis@bakerlaw.com

and

ROBERT S. HAWKINS (pro hac vice forthcoming)
ANDREW J. ROLFES (pro hac vice forthcoming)
JOSEPH P. SIRBAK, II (pro hac vice forthcoming)
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215)665-2015 (phone)
(646)461-2097 (fax)
rhawkins@cozen.com
arolfes@cozen.com
jsirbak@cozen.com

Attorneys for Defendant Norfolk Southern Railway Company

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Answer and Counterclaim was filed electronically through the Courts electronic filing system and was served through the ECF system to all parties on this 7th day of October, 2021.

*/s/ John B. Lewis*
One of the Attorneys for Defendant

4834-5646-3102